# EXHIBIT B

District - Case Management System - Val Verde County District Clerks - View All Events      Page 1 of 2

## View All Events

| | |
|---|---|
| Cause Number: **32767** | File Location: **8/31/16 P -MJ-** |
| Court: **83rd District Court** | Case Id **27802** | Filing Date: **08/29/2016** |

Case Type(s) / Re-Opens   Action Date

**1.  Debt/Contract - Consumer/DTPA**   08/29/2016

Disposition Date      Disposition Type

Style:
**GERARDO MARES VS STATE FARM LLOYDS**

**Sidebar:** New Case · View/Edit Case · Respondent · Petitioner · Other Party · Other Primary Party · Attorney · Bond · Cash Bond · Court Registry · Child Support · Events · Court Setting · Fee/Fine · Installments · Payment · Bill of Cost · Preliminary Court Costs · Case Summary Report

Enter another Event

View all [select all]  [Select]

Publish PDF document from multiple images.

### All Events

| # | Type | Date | Description | Image | Pages | Vol/Page | Sealed |
|---|------|------|-------------|-------|-------|----------|--------|
| 1. | REQUEST | 10/07/2016 | REQ FOR COPY OF EVENT LISTING - EFiled on 10/07/2016 3:20 PM. Submitted by: Tyffeni Nguyen (tnguyen@nck-law.com) | 668383.tif | 1 | | No |
| 2. | JURY DEMAND | 10/03/2016 | DEFS STATE FARM LLOYDS' & CARLOS PIEDRAHITA'S JURY DEMAND (ALREADY PD BY PLTFS) | 667590.pdf | 2 | | No |
| 3. | ANSWER | 10/03/2016 | DEFS STATE FARM LLOYDS' & CARLOS PIEDRAHITA'S ORIGINAL ANSWER, DEFENSES & SPECIAL EXCEPTIONS | 667589.pdf | 9 | | No |
| 4. | AFFIDAVIT | 09/13/2016 | AFFIDAVIT OF SERVICE: STATE FARM LLOYDS (SRVD) 9/9/16 @ 3:00 PM - EFiled on 09/13/2016 4:27 PM. Submitted by: Amado Santiago (efiling@santiagolegalservices.com); Comments: | 665970.pdf | 1 | | No |
| 5. | LETTER | 09/06/2016 | LETTER/AJ SANTIAGO SUBMITTING SASE FOR CITS (MAILED OUT 9/6/16) | 665432.tif | 1 | | No |
| 6. | EMAIL | 08/30/2016 | EMAILS: CITS HAVE BEEN PREPARED; AS PER ATTY, THEY WILL BE P/U | 664949.tif | 2 | | No |
| 7. | CITATION ISSUED | 08/30/2016 | CITATION ISSUED: CARLOS PIEDRAHITA (OOC) | 664947.tif | 1 | | No |
| | CITATION | | CITATION ISSUED: STATE FARM | | | | |

| 8. | ISSUED | 08/30/2016 | LLOYDS (OOC) | 664946.tif | 1 | | No |
| 9. | REQUEST | 08/29/2016 | CIVIL PROCESS REQUEST FORM | 664944.tif | 2 | | No |
| 10. | JURY DEMAND | 08/29/2016 | JURY DEMAND - F/PLTF | 664943.tif | 1 | | No |
| 11. | INFORMATION | 08/29/2016 | CIVIL CASE INFORMATION SHEET (E-FILED) | 664942.tif | 1 | | No |
| 12. | ORIGINAL PETITION | 08/29/2016 | PLTF'S ORIGINAL PETITION, JURY DEMAND, & REQUEST FOR DISOCLOSURE - EFiled on 08/29/2016 9:49 PM. Submitted by: Matthew Zarghouni (matt@zar-law.com); Comments: | 664875.pdf | 18 | | No |

Filed 8/29/2016 9:49:31 PM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Mary Jane Patino

Cause No. **32767**

| | | |
|---|---|---|
| Gerardo Mares | § | In the District Court |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | Val Verde County, Texas |
| State Farm Lloyds and | § | |
| Carlos Piedrahita | § | |
| | § | |
| | § | |
| *Defendants.* | § | **83RD** Judicial District |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Gerardo Mares ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of State Farm Lloyds and Carlos Piedrahita, (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

#### A. DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.2 and 169.

#### B. PARTIES

2.      Plaintiff, Gerardo Mares, is an individual residing in Val Verde County, Texas. Gerardo Mares own the following properties: 1009 Ave E. Del Rio, TX 78840; 1014 Veterans Blvd Del Rio, TX 78840; 1010 Veterans Blvd Del Rio, TX 78840.

1

3.     Defendant, State Farm Lloyds, is an insurance company doing business in Texas and may be served by serving its agent, Corporation Service Company, 211 E 7th St Ste 620, Austin, TX 78701.

4.     Defendant, Carlos Piedrahita, is an adjuster in the course and working scope of employment with State Farm Lloyds. Carlos Piedrahita can be served at the residential address listed with the Texas Department of Insurance: 9129 Vineland Ct No F Boca Raton, FL 33496. Plaintiff requests service at this time.

## C. JURISDICTION

5.     The Court has jurisdiction over State Farm Lloyds because State Farm Lloyds engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Val Verde County, Texas, with reference to this specific case.

6.     The Court has jurisdiction over Carlos Piedrahita because Carlos Piedrahita is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Carlos Piedrahita's business activities in the State of Texas, with reference to this specific case.

## D. VENUE

7.     Venue is proper in Val Verde County, Texas, because the insured Properties is situated in Val Verde County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## E. CONDITIONS PRECEDENT

8.     All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

2

9.      Whenever in this petition it is alleged that State Farm Lloyds did any act or omission, it is meant that State Farm Lloyds itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of State Farm Lloyds or done in the normal routine, course, and scope of the agency or employment of State Farm Lloyds or its agents, officers, servants, employees, or representatives.

### G.  FACTS

10.     Plaintiff is a named insured under a Properties insurance policy—90CNY2879 (the "Policy")—issued by State Farm Lloyds. The Policy insures, among other things, against losses from storm/tornado damage to Plaintiff's Properties, namely, the real Properties and improvements located at 1009 Ave E. Del Rio, TX 78840; 1014 Veterans Blvd Del Rio, TX 78840; 1010 Veterans Blvd Del Rio, TX 78840 (the "Properties").

11.     On or about 2/22/2016, during the policy period, a storm caused damage to the Properties that was covered the Policy. The storm caused extensive damage to the roof, ceilings, and fence.

12.     Shortly after the storm, Plaintiff noticed damage to Plaintiff's home. Plaintiff contacted State Farm Lloyds to notify State Farm Lloyds of the damage.

13.     Plaintiff submitted a claim, 53-BL22-206, to State Farm Lloyds against the Policy for all roof damage, structural damage, water damage, and wind damage the Properties sustained as a result of the storm/tornado.

14.     Plaintiff asked that State Farm Lloyds honor its contractual obligations to cover the cost of repairs to Plaintiff's home.

15.     State Farm Lloyds assigned Carlos Piedrahita to adjust the claim. Defendants, State Farm Lloyds and Carlos Piedrahita, conducted a substandard investigation of Plaintiff's claim,

failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Carlos Piedrahita failed to fully inspect all damage to the Properties.

16.     Despite obvious visible storm/tornado damage, Carlos Piedrahita, on his own behalf and on behalf of State Farm Lloyds verbally misrepresented to Plaintiff at the time of the inspection that the Properties had minimal wind damage. Carlos Piedrahita repeated this misrepresentation, again on his own behalf and on behalf of State Farm Lloyds, in a letter to Plaintiff dated .

17.     Together, Defendants State Farm Lloyds and Carlos Piedrahita set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties.

18.     Defendant State Farm Lloyds failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. State Farm Lloyds's conduct constitutes a breach of the insurance contract between State Farm Lloyds and Plaintiff.

19.     Even though Plaintiff's Properties sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy provided coverage to Plaintiff for some of the damage, thus falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.060(a)(7).

22.     Defendants failed to offer Plaintiff a reasonable explanation for why Plaintiff's claim was being denied. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.     Defendant, State Farm Lloyds, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.     Defendant, State Farm Lloyds, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant, State Farm Lloyds, has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26.     Since the time Plaintiff's claim was presented to Defendant State Farm Lloyds, the liability of State Farm Lloyds to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, State Farm Lloyds has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim.  This conduct is a violation of State Farm Lloyds's duty of good faith and fair dealing.

27.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

28.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair his Properties, resulting in additional damages.

## H. CAUSES OF ACTION

### I.   BREACH OF CONTRACT (AGAINST State Farm Lloyds)

29.     Defendant State Farm Lloyds had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. State Farm Lloyds breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

30.     Defendant State Farm Lloyds is therefore liable to Plaintiff for breach of contract.

### II.   PROMPT PAYMENT OF CLAIMS STATUTE (AGAINST State Farm Lloyds)

31.     Plaintiff's claim is a claim under an insurance policy with Defendant State Farm Lloyds, of which Plaintiff gave State Farm Lloyds proper notice. State Farm Lloyds is liable for the claim.

32.     Defendant State Farm Lloyds violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33.     Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms State Farm Lloyds reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its

acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the claim following State Farm Lloyds's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34.     Defendant State Farm Lloyds is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

**III.   UNFAIR   SETTLEMENT   PRACTICES/BAD   FAITH   (AGAINST   ALL DEFENDANTS)**

35.     Each of the foregoing paragraphs is incorporated by reference here fully.

36.     As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT** State Farm Lloyds

37.     Defendant State Farm Lloyds engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after State Farm Lloyds's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for State Farm Lloyds's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38.     Each of the aforementioned unfair settlement practices was committed knowingly by Defendant State Farm Lloyds and was a producing cause of Plaintiff's damages. State Farm

Lloyds is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT** Carlos Piedrahita

39.     Defendant Carlos Piedrahita was a contractor and/or adjuster assigned by Carlos Piedrahita to assist with adjusting the claim. Carlos Piedrahita was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

40.     Carlos Piedrahita was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Properties.

41.     Carlos Piedrahita conducted a substandard, results-oriented inspection of the Properties.

42.     As such, Carlos Piedrahita failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Properties, as the Policy and Texas law require.

43.     Further, Carlos Piedrahita misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Carlos Piedrahita failed to provide Plaintiff with a reasonable explanation as to why Carlos Piedrahita was not compensating Plaintiff for the covered losses, or the true value thereof.

44.     Thus, Carlos Piedrahita engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after State Farm

Lloyds's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiff's claim. Each of the aforementioned unfair settlement practices was committed knowingly by Carlos Piedrahita and was a producing cause of Plaintiff's damages. Carlos Piedrahita is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

## IV.    DTPA VIOLATIONS (AGAINST ALL DEFENDANTS)

45.    Each of the foregoing paragraphs is incorporated by reference here fully.

46.    At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47.    Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

48.    Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also

9

resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

50.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## V.  BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (AGAINST State Farm Lloyds)

51.     Defendant State Farm Lloyds breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when State Farm Lloyds knew or should have known liability was reasonably clear. State Farm Lloyds's conduct proximately caused Plaintiff's damages.

52.     Defendant State Farm Lloyds is therefore liable to Plaintiff.

## VI.  ATTORNEY'S FEES

53.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

54.     Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55.    Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56.    Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## I. KNOWLEDGE

57.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## J. DAMAGES

58.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.    As previously mentioned, the damages caused by the 2/22/2016 hailstorm/tornado and/or windstorm/tornado have not been properly addressed or repaired in the months since the storm/tornado, causing further damages to the Properties, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

11

62.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64.     For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K.  STATEMENT OF RELIEF AND DAMAGES

66.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of more than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-

judgment interest at the highest legal rate.

### L.  RESERVATION OF RIGHTS

67.    Plaintiff reserves the right to prove the amount of damages at trial.   Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

### M.  JURY DEMAND

68.    Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Val Verde County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

### N.  REQUEST FOR DISCLOSURE

69.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

### O.  PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled.

13

Respectfully submitted,

**ZAR LAW FIRM**


*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448- 9149
Matt@zar-law.com


**ATTORNEY FOR PLAINTIFF**

14

**FOR SHERIFF'S RETURN**    **DELIVERED**

## CITATION PERSONAL SERVICE

By 9/9/16
Austin Process, LLC

THE STATE OF TEXAS:          Cause No. **32767**

| | | |
|---|---|---|
| GERARDO MARES,<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 83RD JUDICIAL DISTRICT |
| STATE FARM LLOYDS AND CARLOS PEIDRAHITA,<br>Defendants | §<br>§ | VAL VERDE COUNTY, TEXAS |

TO: **STATE FARM LLOYDS, BY SERVING ITS AGENT, CORPORATION SERVICE COMPANY, 211 E. 7th St. Ste. 620, Austin, Travis County , Texas 78701;** Defendant - GREETINGS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 83rd Judicial District Court of Val Verde County, at the Courthouse, 100 E. Broadway, 3rd Floor, in said County in Del Rio, Texas. Said Plaintiff's Petition was filed in said court on the 29th day of August, 2016 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Del Rio, Texas this 30th day of August, 2016.

| | |
|---|---|
| Attorney for Plaintiff (or Plaintiff):<br>Matthew Zarghouni<br>ZAR LAW FIRM<br>7322 Southwest Fwy, Suite 1965<br>Houston, Texas 77074 | Clerk of the Court:<br>**JO ANN CERVANTES, DISTRICT CLERK**<br>63rd & 83rd District Courts<br>Val Verde County, Texas<br>P.O. Box 1544, Del Rio, Texas 78841-1544<br><br>By: _____<br>   Deputy |

### OFFICER'S RETURN

Came to hand on the _____ day of _____ 2016 at _____ o'clock ___ M and executed by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on the _____ day of _____ at _____ o'clock ___M at _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being _____

_____

[ ] Information received as to the whereabouts of defendant being _____

_____

Fees ...........$ _____
Sheriff/Constable

_____

Service I.D. No. _____         _____ County, Texas

By: _____
Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Val Verde County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 2016.

_____, Notary Public



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 15609525**
**Date Processed: 09/09/2016**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| Entity: | State Farm Lloyds<br>Entity ID Number  3461674 |
| Entity Served: | State Farm Lloyds |
| Title of Action: | Gerardo Mares vs. State Farm Lloyds |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Val Verde County District Court, Texas |
| Case/Reference No: | 32767 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 09/09/2016 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Matthew Zarghouni<br>713-333-5533 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

Filed 10/3/2016 8:45:06 AM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Mary Jane Patino

## CAUSE NO. 32767

| | | |
|---|---|---|
| GERARDO MARES | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 83rd JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS, AND | § | |
| CARLOS PIEDRAHITA | § | |
| **Defendants.** | § | VAL VERDE COUNTY, TEXAS |

---

## DEFENDANTS STATE FARM LLOYDS' AND CARLOS PIEDRAHITA'S ORIGINAL ANSWER, DEFENSES AND SPECIAL EXCEPTIONS

---

Defendants State Farm Lloyds ("State Farm") and Carlos Piedrahita ("Mr. Piedrahita"), file this Original Answer to Plaintiff Gerardo G. Mares Original Petition. This lawsuit pertains to a Business Owners' Policy between Gerardo G. Mares and Blanca P. Mares, d/b/a Mares Properties and State Farm Lloyds.

### I.
### GENERAL DENIAL

1.     Defendants State Farm Lloyds and Carlos Piedrahita generally deny all of the material allegations contained in Plaintiff's Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendants require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendment thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.     **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove the actual cash value of damage resulting from an occurrence of

accidental direct physical loss to the insured property during the policy period. Plaintiff cannot recover, in whole or in part, on his breach of contract cause of action, and consequently all of the other causes of action in Plaintiff's Original Petition, because Plaintiff lacks proof of damages resulting from accidental direct physical loss during the policy period, let alone that any such damages exceed the policy deductible.

3.      **Deductible/Offset.** Defendants are entitled to an offset or credit against Plaintiff's damages, of the prior payment of $2,256.49 and in the amount of Plaintiff's $3,000.00 deductible.

4.      **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

5.      **Pre-Existing Damages.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, pre-existed the policy term at issue and pre-existed the alleged occurrence of hail, wind, or wind-driven rain on February 22, 2016.

6.      **Failure to Protect the Property.** Plaintiff neglected to properly repair damage and failed to properly maintain the property. Plaintiff has a duty to make reasonable and necessary repairs to mitigate damage and to protect the property from further damage. Damage resulting from Plaintiff's failure to repair or replace broken windows is not covered Plaintiff's. Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by Plaintiff's failure to protect the property, failure

to adequately maintain the property prior to the claim underlying this suit and failure to mitigate damage. The policy at issue provides:

### SECTION I – EXCLUSIONS

\* \* \* \* \*

> 2. We do not insure under any coverage for loss whether consisting of, or directly and immediately caused by, one or more, of the following:

\* \* \* \* \*

> > k. Neglect. Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

Under the doctrine of concurrent causation, Plaintiff further bears the burden to properly segregate between covered damage, if any, and damage resulting from such excluded causes.

7.      **Normal Wear and Tear.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Original Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear. The policy at issue specifically provides:

### SECTION I – EXCLUSIONS

> 2. We do not insure under any coverage for loss whether consisting of, or directly and immediately caused by, one or more, of the following:

\* \* \* \* \*

> > l. Other Types of Loss

> > > (1) Wear and tear;

\* \* \* \* \*

Plaintiff has claimed damage that appears to have occurred over time as a result of age, including wear and tear which conditions are specifically excluded under the policy at issue. Further, under the doctrine of concurrent causation, Plaintiff further bears the burden to properly segregate between covered damage, if any, and damage resulting from such excluded causes.

8.      **Bona Fide/Legitimate Dispute.**  A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

9.      **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves Defendants' liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

10.     **Chapter 38 Attorney's Fees.**  Plaintiff cannot recover attorneys' fees from Defendants under Chapter 38 of the Texas Civil Practice and Remedies Code. "A person may recover reasonable attorneys' fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for... (8) an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). Defendant State Farm is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to

Defendant State Farm. *Fleming & Assocs., L.L.P. v. Barton*, 2014 Tex. App. LEXIS 2250 (Tex. App. — Houston [14th Dist.] Feb. 27, 2014). Defendant Piedrahita has no contractual relationship to Plaintiff, and Plaintiff has not asserted contractual claims against this Defendant. Therefore, Chapter 38 is inapplicable to Defendant Carlos Piedrahita, as well.

III.
**SPECIAL EXCEPTIONS**

11.    **Failure to Set Forth Specific Claims/Facts — Breach of Contract**. State Farm specially excepts to Plaintiff's Original Petition because the vague and indefinite breach of contract claim fails to (1) provide fair notice of facts of the loss or losses allegedly sustained by Plaintiff; (2) provide fair notice of facts showing Plaintiff's alleged loss or losses were covered under the terms of the Insurance policy at issue; and (3) provide fair notice of the acts and/or omissions by State Farm which allegedly amount to a breach of State Farm's contractual obligations, if any, to Plaintiff. *Subia v. Texas Dept of Human Serv.,* 750 S.W.2d 827, 829 (Tex. App. — El Paso 1988, no writ) (trial court can order the Plaintiff to specifically plead a cause of action which was originally pleaded in general terms). As such, Plaintiff should be required to amend her claim for breach of contract and state with particularity: (1) facts supporting the alleged loss; (2) facts demonstrating the portion of the loss covered by the contract of insurance in question: (3) facts of the acts and/or omissions by State Farm which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for State Farm's alleged breach of contract.

12.    **Failure to Identify the Date the Breach of Contract Occurred**. Defendant State Farm specially excepts to Plaintiff's Original Petition in its entirety because it is

impermissibly vague in that it fails to set forth the date the alleged breach of contract occurred. Accordingly, Plaintiff should be required to file an amended pleading to set forth the date the alleged breach of contract occurred.

13.    **Failure to Set Forth Specific Claims/Facts — Chapter 541 of the Texas Insurance Code.** Defendants specially except to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding Defendants' alleged violations of Chapter 541 of the Texas Insurance Code are deficient. Specifically, Plaintiff failed to give Defendants fair notice of the facts and circumstances supporting the alleged Insurance Code violations. *Subia v. Texas Dept. of Human Services,* 750 S.W.2d 827, 829 (Tex. App.—El Paso, 1988, no writ) (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support claims for Defendants' alleged violations of Chapter 541 of the Texas Insurance Code, as well as damages related thereto.

14.    **Failure to Set Forth Specific Claims/Facts — Chapter 542 of the Texas Insurance Code.** Defendant State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Section 542.060 of the Texas Insurance Code are deficient. *Subia v. Texas Dept of Human Services,* 750 S.W.2d 827, 829 (Tex. App.—El Paso, 1988, no writ) (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff failed to give fair notice of the facts and circumstances supporting the violations asserted in his Original Petition. Moreover, Plaintiff appears to assert claims or causes of action for an alleged violation of Sections 542.003(3) and

542.003(4) against Defendant Piedrahita. Chapter 542 of the Texas Insurance Code applies to the specific entities enumerated in Section 542.002, which does not include Defendant Piedrahita. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for State Farm's alleged violations of Section 542.060 of the Texas Insurance Code, as well as damages related thereto, and removing any claims or allegations against Defendant Piedrahita under Chapter 542.

15.     **Failure to Set Forth Specific Claims/Facts — Breach of Duty of Good Faith and Fair Dealing.** Defendant State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims for breach of the duty of good faith and fair dealing set forth therein fail to give State Farm fair notice of the bad faith claims, if any, against it. Plaintiff has failed to give fair and adequate notice of facts and evidence upon which he bases such claims. Plaintiff should be required to file an amended pleading which sets forth facts to support claims for bad faith.

16.     **Failure to Set Forth Specific Claims/Facts – Fraud. Defendant** State Farm specially excepts to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims for breach of fraud set forth therein fail to give Defendants fair notice of the fraud claims, if any, against it. Plaintiff has failed to give fair and adequate notice of facts and evidence upon which they base such claims. Plaintiff should be required to file an amended pleading which sets forth facts to support claims for fraud.

17.     **Failure to Set Forth Specific Claims/Facts – Plaintiff's Claims for violations of the DTPA.** Defendants specially except to Plaintiff's Original Petition because Plaintiff's vague and indefinite claims regarding Defendants' alleged violations of the

Texas DTPA are deficient. Specifically, Plaintiff failed to give Defendants fair notice of the facts and circumstances supporting the alleged DTPA violations. *Subia v. Texas Dept. of Human Services,* 750 S.W.2d 827, 829 (Tex. App.—El Paso, 1988, no writ) (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support claims for Defendants' alleged violations of the Texas DTPA, as well as damages related thereto.

18.     **Failure to Set Forth Specific Claims/Facts — Plaintiff's Claims for Knowing and/or Intentional Conduct**. Defendants specially except to Plaintiff's Original Petition because Plaintiff failed to provide facts to support his allegation that Defendants acted wrongfully with knowledge and intent to cause harm. Pleading sufficient facts is necessary to inform Defendants of what they are called upon to answer and to enable them to prepare their defenses. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for knowing and/or intentional conduct, as well as alleged damage related thereto.

**PRAYER**

Defendants State Farm Lloyds and Carlos Piedrahita pray that upon final trial and hearing hereof, that Plaintiff take nothing and that State Farm Lloyds recover its costs, fees, and expenses, and for such other further relief, in law and equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**


By:    _/s/ M. Micah Kessler_
          M. Micah Kessler
          State Bar No. 00796878
          Angeli P. Gohel
          State Bar No. 24082230
1900 West Loop South, Suite 800
Houston, Texas  77027
Telephone:  (713) 781-2889
Telecopier:  (713) 781-7222
E-mail: mkessler@nck-law.com
        agohel@nck-law.com

**COUNSEL FOR DEFENDANTS**
**STATE FARM LLOYDS AND CARLOS**
**PIEDRAHITA**


## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on October 3, 2016, in the manner(s) prescribed below:

      Matthew M. Zarghouni
      Zar Law Firm
      7322 Southwest Freeway, Suite 1965
      Houston, Texas 7707
      **VIA E-SERVE AND**
      **FACSIMILE – 832/448-9149**


               _/s/ Angeli P. Gohel_
               Angeli P. Gohel

MEMORY TRANSMISSION REPORT

|  |  |
| --- | --- |
| TIME | :10-03-2016 09:00 |
| FAX NO.1 | :+ |
| NAME | :NISTICO, CROUCH |

|  |  |  |
| --- | --- | --- |
| FILE NO. | : | 753 |
| DATE | : | 10.03 08:55 |
| TO | :☎ | 8324489149 |
| DOCUMENT PAGES | : | 12 |
| START TIME | : | 10.03 08:55 |
| END TIME | : | 10.03 09:00 |
| PAGES SENT | : | 12 |
| STATUS | : | OK |

***SUCCESSFUL TX NOTICE***

## NISTICO, CROUCH & KESSLER, P.C.
### ATTORNEYS AT LAW

| HOUSTON | DALLAS/FT. WORTH |
| --- | --- |
| 1900 WEST LOOP SOUTH, SUITE 800 | 4008 GATEWAY, SUITE 120 |
| HOUSTON, TEXAS 77027 | COLLEYVILLE, TEXAS 76034 |
| Telephone: (713) 781-2889   Telecopier: (713) 781-7222 | Telephone: (817)858-0362   Telecopier: (214) 722-0744 |

M. Micah Kessler
mkessler@ncklaw.com

| To: Matthew M. Zarghouni | From: M. Micah Kessler / Angell P. Gohel |
| --- | --- |
| Fax Number: (832) 448-9149 | Company: Zar Law Firm |
| Date: October 3, 2016 | For Information Call: (713) 781-2889 |
| Subject: *Gerardo Mares vs. SFL, et al* | Page(s): 12 including cover |

3906

**Comments:**

Please see below listed documents we filed with the court today:
- *Defendants State Farm Lloyds' and Carlos Piedrahita's Original Answer, Defenses and Special Exceptions*; and
- *Defendants State Farm Lloyds' and Carlos Piedrahita's Jury Demand.*

**CONFIDENTIALITY NOTICE:** Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is protected by the attorney-client and/or work product privileges and therefore contains confidential information for the use of the intended recipient only. If the reader of this message is not the intended recipient as identified on this fax cover page and any attached pages, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have reason to believe you received this communication in error, please immediately notify the sender by telephone at 713-781-2889 and return the original message to Nistico, Crouch & Kessler, P.C. at the above address via the U.S. Postal Service at our expense. Thank you.

Filed 10/3/2016 8:50:19 AM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Mary Jane Patino

## CAUSE NO. 32767

| | | |
|---|---|---|
| **GERARDO MARES** | § | **IN THE DISTRICT COURT** |
|     *Plaintiff,* | § | |
| | § | |
| **v.** | § | **83rd JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS, AND** | § | |
| **CARLOS PIEDRAHITA** | § | |
|     *Defendants.* | § | **VAL VERDE COUNTY, TEXAS** |

---

### DEFENDANTS STATE FARM LLOYDS' AND CARLOS PIEDRAHITA'S JURY DEMAND

---

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendants State Farm Lloyds and Carlos Piedrahita demand a trial by jury.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:   */s/ M. Micah Kessler*
        M. Micah Kessler
        State Bar No. 00796878
        Angeli P. Gohel
        State Bar No. 24082230
   1900 West Loop South, Suite 800
   Houston, Texas  77027
   Telephone:  (713) 781-2889
   Telecopier:  (713) 781-7222
   E-mail: mkessler@nck-law.com
           agohel@nck-law.com

**COUNSEL FOR DEFENDANTS
STATE FARM LLOYDS AND CARLOS
PIEDRAHITA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on October 3, 2016, in the manner(s) prescribed below:

Matthew M. Zarghouni
Zar Law Firm
7322 Southwest Freeway, Suite 1965
Houston, Texas 7707
**VIA E-SERVE AND**
**FACSIMILE – 832/448-9149**

*/s/ Angeli P. Gohel*
Angeli P. Gohel

MEMORY TRANSMISSION REPORT

```
                                    TIME      :10-03-2016 09:00
                                    FAX NO.1  :+
                                    NAME      :NISTICO, CROUCH
```

```
FILE NO.         : 753
DATE             : 10.03 08:55
TO               :☎ 8324489149
DOCUMENT PAGES   : 12
START TIME       : 10.03 08:55
END TIME         : 10.03 09:00
PAGES SENT       : 12
STATUS           : OK
```

***SUCCESSFUL TX NOTICE***

## NISTICO, CROUCH & KESSLER, P.C.
### ATTORNEYS AT LAW

HOUSTON     DALLAS/FT. WORTH
1900 WEST LOOP SOUTH, SUITE 800    4006 GATEWAY, SUITE 120
HOUSTON, TEXAS 77027    COLLEYVILLE, TEXAS 76034
Telephone: (713) 781-2889   Telecopier: (713) 781-7222   Telephone: (817)858-0362   Telecopier: (214) 722-0744

M. Micah Kessler
mkessler@ndklaw.com

| To: Matthew M. Zarghouni | From: M. Micah Kessler / Angeli P. Gohel |
|---|---|
| Fax Number: (832) 448-9149 | Company: Zar Law Firm |
| Date: October 3, 2016 | For Information Call: (713) 781-2889 |
| Subject: *Gerardo Mares vs. SFL, et al* | Page(s): 12 including cover |

3906

**Comments:**
Please see below listed documents we filed with the court today:
- *Defendants State Farm Lloyds' and Carlos Piedrahite's Original Answer, Defenses and Special Exceptions;* and
- *Defendants State Farm Lloyds' and Carlos Piedrahite's Jury Demand.*

**CONFIDENTIALITY NOTICE:** Unless otherwise indicated or obvious from the nature of the transmittal, the information contained in this facsimile message is protected by the attorney-client and/or work product privileges and therefore contains confidential information for the use of the intended recipient only. If the reader of this message is not the intended recipient as identified on this fax cover page and any attached pages, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have reason to believe you received this communication in error, please immediately notify the sender by telephone at 713-781-2889 and return the original message to Nistico, Crouch & Kessler, P.C. at the above address via the U.S. Postal Service at our expense. Thank you.